UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NICOLE MOORE,

        Plaintiff,

vs.                                    CASE NO.:

GOSAI, LLC, a Florida Limited Liability
Company,

        Defendants.       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICOLE MOORE, by and through the undersigned attorney, sues the Defendant, GOSAI, LLC, a Florida Corporation, and alleges:

1. Plaintiff, NICOLE MOORE, was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, NICOLE MOORE was an employee who worked at Defendants' property within the last three years in Levy County, Florida.

3. Plaintiff, NICOLE MOORE, worked for Defendant starting out as an hourly paid employee for an hourly rate of $8.75 per hour.

4. For the pay period beginning 5/17/2016, Plaintiff, NICOLE MOORE, was then converted to salary pay wherein she received between $350 and $375 per week.

5. Under both pay structures, Plaintiff was a non-exempt employee and therefore entitled to overtime compensation for overtime worked.

6. Defendant, GOSAI, LLC, is a Florida for Limited Liability Company that operates

1

and conducts business in Levy County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, GOSAI, LLC, operates as a hotel located at 809 NW. 21 Avenue, Chiefland, Florida 32626.

8. Defendant provides hotel accommodations, free breakfast, internet as well as other amenities to its guests.

9. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendant, GOSAI, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, GOSAI, LLC, employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, GOSAI, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as linens, breakfast food items, sanitary and cleaning supplies, and other items used to run the business.

14. Additionally, Defendant, GOSAI, LLC, specifically engages in interstate commerce by providing lodging for travels and tourists.

15. Therefore, at all material times relevant to this action, Defendant, GOSAI, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### **FLSA Violations**

16. At all times relevant to this action, Defendant failed to comply with the FLSA

because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked as well as pay Plaintiff the minimum wage for all hours worked.

17. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. During her employment with Defendant, Plaintiff was not paid the minimum wage for each hour worked during one or more weeks.

19. Specifically, Defendant was not paid for hours worked in excess of forty (40) during one or more weeks.

20. Plaintiff, while an hourly paid employee, routinely worked in excess of forty (40) hours without any additional compensation.

21. Plaintiff, while a salary paid employee, routinely worked in excess of forty (40) hours without any additional compensation.

22. Plaintiff, while an hourly paid employee, was effectively paid less than the minimum wage due to working in excess of 43.47 hours without any additional compensation. Specifically, since Plaintiff did not receive any compensation over forty (40) hours, a minimum wage violation exists when she worked above 43.47 hours. (40 hours x $8.75 = $350 wages paid. $350/43.47 = $8.05)

23. Plaintiff, while a salary paid employee, was effectively paid less than the minimum wage due to working in excess of 46.58 hours. ($375.00/$8.05 = 46.58 max hours before a minimum wage violation takes place)

24. Based upon these above policies, Defendant has violated the FLSA by failing to pay

overtime and minimum wages for one or more weeks.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though stated fully herein.

27. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

29. Plaintiff was paid her regular rate for all hours worked regardless of how many overtime hours were worked in the workweek.

30. Defendants have failed provide accurate overtime compensation for numerous pay periods.

31. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

32. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

33. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

4

34. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICOLE MOORE demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

37. Plaintiff is/was entitled under the FLSA to be paid minimum wage for each hour worked during her employment with Defendants.

38. During her employment with Defendant, Plaintiff was not paid complete minimum wages as a result of Defendants' practice of failing to pay Plaintiff for any work done in excess of forty (40) per week. Essentially, because Plaintiff worked a considerable amount of hours over forty (40), her hourly rate was effectively reduce below the minimum wage.

39. As a result of these actions, Plaintiff was not paid the minimum wage for all the hours worked with Defendant in violation of the FLSA.

40. Defendant willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

41. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICOLE MOORE demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate

Dated this 20th day of July, 2017

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff